(34 Misc. Rep. 396.)

## BENDA v. KEIL et al.

(City Court of New York, General Term.    March 26, 1901.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—PERJURED TESTIMONY.

On a motion by defendants for a new trial for newly-discovered evidence, it appeared by affidavit that plaintiff's chief corroborating witness, who testified to seeing the accident complained of, denied almost in toto his previous account thereof, and stated that he was instructed to testify to a material fact. Besides, plaintiff's testimony was flatly contradicted by three witnesses. *Held*, that the doubt arising therefrom as to whether, with the perjured testimony omitted, the result would have been different, should be resolved in defendant's favor, and a new trial be granted.

Appeal from special term.

Action by Charles Benda against Francis Keil and another. There was a verdict and judgment for plaintiff, and from an order denying a new trial defendants appeal. Reversed.

Argued before McCARTHY, P. J., and SCHUCHMAN and DELEHANTY, JJ.

Adam E. Schatz (Edward E. McCall, of counsel), for appellants.
Catlin & Nekarda (Howard T. Marston, of counsel), for respondent.

DELEHANTY, J. The plaintiff's son, while in the employ of defendants, and engaged in the occupation of working at a drop hammer, met with an accident thereon in the month of August, 1897, and this action was brought by the father for the loss of his services. There have been three trials of this case, which resulted, respectively, in a verdict for plaintiff, which was subsequently reversed on appeal by the general term of this court (63 N. Y. Supp. 971), a disagreement of a jury, and finally a verdict for plaintiff, which has been affirmed here on appeal (67 N. Y. Supp. 1128). The defendants moved at special term, on affidavits and the stenographer's minutes of the last trial, to vacate the judgment, and for a new trial, upon the ground of newly-discovered evidence, showing that a material witness for the plaintiff had given perjured testimony. That motion was denied, and this is an appeal therefrom.

On the trial, the plaintiff's case was established by the son's testimony, and corroborated by witnesses Klein and Wolfe. The latter's testimony was materially weakened on cross-examination, so, practically, the only confirmation of the son's story was that furnished by the witness Klein. The case was tried by the plaintiff on the theory that the drop hammer must have been out of order, because only two causes would operate the same, namely, pressure of the treadle and a defective clutch. The defendants asserted, however, that the injured boy caused the accident by pressing a board and box inside of the treadle of the machine, and that a hinge on the side of the board caught the treadle and held it down. The defendants called three witnesses, who flatly contradicted the boy's testimony, and now that Klein has repudiated his entire evidence given at the trial, and admitted its perjured nature, it is for us to say whether

without it the plaintiff would have succeeded before the jury. As was well said by the court in Nugent v. Railway Co., 46 App. Div. 105, 61 N. Y. Supp. 476:

"The object of the trial is to do justice, and whenever it is made to appear that one of the parties to the litigation has, by fraud, connivance, conspiracy, or any other dishonest act, prevented his adversary from having a fair trial, then the court never hesitates to use the power it possesses by vacating the judgment obtained and directing a new trial."

Comparing the affidavit of Klein with his testimony, we find, among other things, the following: On the trial he testified he was five or six feet from Mr. Benda at the time he was injured, and was present when he was injured. In his affidavit he swears he did not see how the accident happened. In his testimony he says: "I saw the fore-man come running down and jumping up onto the machine. His name was Slatuk. He had a wrench in his hands, and he tightened something up on top of the machine. * * *. Then the machine stopped." In his affidavit he swears that he was instructed to testify that the machine was out of order, that Slatuk jumped up on the machine and repaired it. Again he swears "that he is not positive that the foreman, Slatuk, jumped up on the drop hammer at the time of the accident to Benda," but says that "it is possible that he came under the impression that such was the case, from Benda having told him so. Deponent saw Benda go away from the drop hammer imme-diately after the accident, but he did not see Mr. Slatuk stop the machine." In his testimony he stated that he saw the board and box on the floor, and the chair lying there where it fell over when Benda got up. In his affidavit he swears that when he saw the board and box on the floor it was some time after the accident, and that they could have been taken from the treadle of the drop hammer in the meantime and placed on the floor. Again, he testified that the ma-chine was out of order before the accident, and that he saw Slatuk repair it on an average of two or three times a week. In his affi-davit he swears he never saw it out of order. In fact, the affidavit repudiates almost in toto deponent's story of the accident as given on the trial. We are not prepared to say that with that testimony out the result would not have been different. The defendants are, at least, entitled to the benefit of that doubt, and for that reason we are of the opinion that there should be a new trial in this case.

The order appealed from is therefore reversed, and a new trial granted, with costs to appellants to abide the event. All concur.